# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 7991 | **DATE** | 8/10/2000 |
| **CASE TITLE** | Worldcom Network vs. Jenkins | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____ .

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7) ☐ Trial[set for/re-set for] on _____ at _____ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons set forth on the attached order, the Court grants defendant Mari's motion to dismiss or for a more definite statement in part and denies it in part. Mari's motion to dismiss for failure to state a claim is denied; but the claims against Mari are nonetheless dismissed for failure to comply with Fed.R.Civ.P. 9(b). Plaintiff's have until 9/1/00 to file a second amended complaint curing these defects. If they fail to do so, the Court will enter a final order dismissing plaintiffs' action. The case is set for status on 9/7/00 at 9:30 a.m

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | AUG 14 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | OR | courtroom deputy's initials | 00 AUG 11 PM 4:49 | date mailed notice |
| | | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

WORLDCOM NETWORK SERVICE, INC., )
and MFS TELECOM, INC., )
)
)
        Plaintiffs, )
)
vs. ) Case No. 99 C 7991
)
KEITH JENKINS and VICTORIA MARI, )
)
        Defendants. )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiffs Worldcom Network Services, Inc. and MFS Telecom, Inc., both of which are providers of telecommunications services, allege that defendant Keith Jenkins organized a company called Hyperspace to provide Internet access to business customers. Jenkins was the company's sole shareholder, and he and defendant Victoria Mari were the sole officers.

In 1995, plaintiffs allege, Jenkins induced MFS to extend services to Hyperspace on credit, though knowing that the company would be unable to pay. They allege that in April-May 1996, Jenkins and Mari made additional misrepresentations to induce MFS to forestall trying to collect Hyperspace's then-overdue bill and to continue to provide service, including a statement that Hyperspace had obtained a lucrative contract with Ameritech, and they provided MFS with a purported assignment of payments from the contract. Plaintiffs allege "on information and belief" that Ameritech had entered into no such contract and that Jenkins and Mari knew this. When Hyperspace failed to pay, MFS sued Jenkins and Hyperspace and obtained a default

judgment of nearly $500,000 in July 1997.

Plaintiffs allege that in 1996, Jenkins induced Worldcom to provide Hyperspace with service on credit. They claim that Jenkins and Mari failed to advise Worldcom that the company was insolvent and had defaulted on its obligations to MFS, and that Jenkins misrepresented that Hyperspace was an established business and would only use Worldcom's services to the tune of around $4000 per month. When Hyperspace failed to pay, Worldcom sued and obtained a default judgment against Hyperspace of over $950,000 in May 1997.

Plaintiffs say they have tried to collect on their judgments but are unable to locate Hyperspace's assets. They allege "on information and belief" that Jenkins and Mari retained, took, and used the company's assets for their personal benefit.

Plaintiffs' amended complaint in this case includes seven claims, five of which are asserted against Mari: for breach of fiduciary duty (Count 1), fraudulent conveyance (Counts 2 & 3), and common law fraud (Counts 4 & 5). None of these claims includes allegations any more particularized than we have reference above. Jenkins failed to respond to the complaint in this case; plaintiffs have obtained a default judgment against him totaling over $1.6 million. Mari has moved to dismiss or for a more definite statement. Mari's motion is somewhat cryptic but appears to make two arguments. First, she argues that she was never an officer of Hyperspace and that even if she was, an officer does not have a fiduciary duty to creditors. Second, Mari appears to argue in a general way that plaintiffs have failed to explain adequately the basis for her claimed liability.

## Discussion

Plaintiffs allege that Mari was an officer of Hyperspace. Cplt. ¶10. Mari may dispute

2

this, but such disputes cannot be determined on a motion to dismiss for failure to state a claim. Mari's argument that an officer does not have a fiduciary duty to creditors, by contrast, can properly be addressed on a motion to dismiss.

Assuming that Illinois law applies, it is certainly true that as a general rule, a corporate officer does not have a fiduciary duty to the corporation's creditors. *See, e.g., Technic Engineering, Ltd. v. Basic Envirotech, Inc.*, 53 F. Supp. 2d 1007, 1010-11 (N.D. Ill. 1999) (citing cases). However, Illinois does permit a creditor to make a claim against a corporate officer for breach of fiduciary duty when the officer wrongfully converts or misappropriates corporate assets and, by doing so, affects the relation between the corporation and its creditors. *See, e.g., O'Connell v. Pharmaco, Inc.*, 143 Ill. App. 3d 1061, 1070-71, 493 N.E.2d 1175, 1182 (1986). Plaintiffs have alleged just this against Mari (though not with sufficient particularity, as discussed below).

Illinois law also provides that when a corporation is insolvent (as is alleged here), directors assume a fiduciary duty to creditors. *See Technic Engineering*, 53 F. Supp. 2d at 1011. Though Mari is not claimed to be a director, the Court agrees with Judge Marovich's conclusion in *Technic Engineering* that the same reasoning that extends the fiduciary duty of an insolvent corporation's directors to creditors applies equally to officers, and that if squarely faced with the issue, the Illinois Supreme Court would so conclude. *Id.* The Court therefore rejects Mari's argument that she cannot be claimed to owe a fiduciary duty to plaintiffs.

As indicated earlier, Mari also appears to argue that the basis for her claimed liability is not sufficiently alleged. Plaintiffs concede that all of their claims are based on allegations of fraud. As such, the provisions of Fed. R. Civ. P. 9(b) apply, requiring "the circumstances

3

constituting fraud" to be stated with particularity. Plaintiffs have failed to meet this standard in the current version of their complaint. Several of the complaint's allegations describing the alleged fraudulent misrepresentations and omissions, *see, e.g.,* Cplt. ¶¶21, 30, 39, lump Jenkins and Mari together without distinguishing which of them is claimed to have said what; specifically when the misrepresentations were made; to whom they were made; and the method of communication. These are the bare minimums required by Rule 9(b). *See, e.g., Katz v. Household International, Inc.,* 36 F.3d 670, 675 (7th Cir. 1994).

In addition, plaintiffs have alleged "on information and belief" that Jenkins and Mari used or transferred Hyperspace's assets for their own benefit. *See, e.g.,* Cplt. ¶¶16, 28, 36, 41, 42, 48, 55. These allegations likewise lump both defendants together without attempting to distinguish who did what. Though it is certainly possible that this type of information may not be in plaintiffs' possession, that is not necessarily so: what did plaintiffs learn in their post-judgment discovery? In any event, fraud allegations like these which are made "on information and belief" fail to comport with Rule 9(b) unless the plaintiff explains in the complaint the basis for its suspicions and why the facts are not available to the plaintiff. *See, e.g., Bankers Trust Co. v. Old Republic Insurance Co.,* 959 F.2d 677 (7th Cir. 1992).

For these reasons, the Court grants defendant Mari's motion to dismiss or for a more definite statement in part and denies it in part. Mari's motion to dismiss for failure to state a claim is denied; but the claims against Mari are nonetheless dismissed for failure to comply with Fed. R. Civ. P. 9(b). Plaintiffs have until September 1, 2000 to file a second amended complaint curing these defects. If they fail to do so, the Court will enter a final order dismissing plaintiffs'

action. The case is set for status on 9/7/00 at 9:30 a.m.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: August 10, 2000